[Doc. No. 14]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CADET V.A., by her Guardian Ad Litem, M.A., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NEW JERSEY NATIONAL GUARD : <br> CHALLENGE YOUTH PROGRAM, : <br> et. al., : <br> : <br> Defendants. : | Civil No. 06-347(RMB) |

**OPINION AND ORDER**

      This matter is before the Court upon the Motion to Compel the Disclosure of the Personnel Files of Sergeant Marshall and Sergeant Cobb [Doc. No. 14] filed by Richard D. Picini, Esquire, counsel for Plaintiff, Cadet V.A., by her guardian ad litem, M.A..  Plaintiff seeks to compel disclosure of the personnel files of Defendant, Sergeant Albert Marshall, and Sergeant Cobb, pursuant to Federal Rule of Civil Procedure 26(b)(1).  Plaintiff filed her Complaint on January 19, 2006 [Doc. No. 1].  Plaintiff's claims arise from a series of alleged incidents that occurred involving Sergeant Marshall while Plaintiff was a cadet with Defendant, New Jersey National Guard Challenge Youth Program ("NJCYP").  Plaintiff alleges in her Complaint that Sergeant Marshall assaulted her.  Plaintiff alleges causes of action for violation of her civil rights under 42 U.S.C. §1983, sexual assault in violation of N.J.S.A. 2C:14-2, assault and battery in violation of N.J.S.A. 2C:12-1, false imprisonment, common law assault and battery, negligent hiring, training, supervision and retention by the NJCYP, unreasonable conduct by the NJCYP,

and gross negligence.  Plaintiff has not alleged any tortious actions against Sergeant Cobb and he is not a named Defendant.

In support of her Motion, Plaintiff argues that the requested personnel records are relevant to her claims and discoverable pursuant to Fed. R. Civ. P. 26(b)(1).  Plaintiff contends that the records may contain information concerning the training, policy and procedures of the NJCYP regarding the level of interaction permitted between cadets, such as Plaintiff, and cadres, such as Sergeant Marshall.  Plaintiff also argues that the records may contain evidence of past disciplinary complaints or actions that are relevant to Plaintiff's claim of negligent retention by the NJCYP.  Plaintiff further argues that Sergeant Cobb's personnel file may contain information concerning NJCYP's hiring and retention process and any disciplinary complaints against other Sergeants.  Finally, Plaintiff argues that if the NJCYP is concerned with maintaining the confidentiality of the records Plaintiff will submit to an appropriate protective order.

NJCYP opposes Plaintiff's Motion and cross-moves for Summary Judgment.  NJCYP argues that the personnel records of Sergeant Marshall and Sergeant Cobb are confidential pursuant to Executive Order No. 11.  (See Exhibit D to Plaintiff's Brief).  NJCYP further argues that it is immune from suit as a matter of law under the doctrine of qualified immunity, as argued in its Cross-Motion for Summary Judgment [Doc. No. 16].  Therefore, the NJCYP argues Plaintiff has no particularized need for the requested records.  Finally, the NJCYP argues that Plaintiff has "a plethora of factual evidence regarding the happening of the accident" and will not have a problem proving how the incident occurred.  (See NJCYP's Brief at 12).

As a general matter, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  Upon a

showing of good cause, the court may order discovery of any matter relevant to the subject matter involved in the action subject to certain limitations. Id. However, when federal and state law claims are both presented in a single case, "the federal rule favoring admissibility, rather than any state law privilege, is the controlling rule." Spencer Savings Bank, SLA v. Excell Mortgage Corp., 960 F.Supp. 835, 836 (D.N.J. 1997) (quoting Wm. T. Thompson Co. v. General Nutrition Corp. Inc., 671 F.2d 100, 104 (3d Cir. 1982)).

Defendant's sole basis for objecting to the production of the requested records is the exemption of personnel records from public access under Executive Order No. 11. Executive Order No. 11 was made part of the Right to Know Act as N.J.S.A. 47:1A-10, as amended in 2001 by the Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1, et seq.. The statute provides in relevant part:

> Notwithstanding the provisions of [N.J.S.A. 47:1A-1 et seq.] or any other law to the contrary, the personnel or pension records of any individual in the possession of a public agency, including but not limited to records relating to any grievance filed by or against an individual, shall not be considered a government record and shall not be made available for public access, except that:
>
> an individual's name, title, position, salary, payroll record, length of service, date of separation and the reason therefor, and the amount and type of any pension received shall be a government record

See N.J.S.A. 47:1A-10.

Contrary to NJCYP's argument, the exemption in OPRA for personnel records does not address whether the records are discoverable in this lawsuit. The exemption does not immunize personnel records from discovery, nor does it cloak the records with a privilege to justify their non-production. The referenced OPRA exception merely excludes the personnel records of

government employees from being designated as a government record and subject to OPRA. OPRA "embodies the public policy of New Jersey that 'government records shall be readily accessible for inspection, copying or examination by the citizens of this State ... for protection of the public interest.'" MAG Entertainment, LLC v. Division of Alcoholic Beverage Control, 375 N.J.Super. 534, 544 (App.Div. 2005) (quoting N.J.S.A. 47:1A-1).  Government records, as defined by OPRA, are available to any citizen without regard to the citizen's purpose or interest. Id. at 545.  However, even though personnel records may not be obtained under OPRA, records that are not available under OPRA may be available through standard discovery in the course of litigation and vice versa.  See Mid-Atlantic Recycling Technologies, Inc. v. City of Vineland, 222 F.R.D. 81, 85 (D.N.J. 2004) (holding that federal discovery rules governing plaintiff's lawsuit did not preclude plaintiff from requesting documents from defendant through OPRA even though they may not have been available through discovery); MAG Entertainment, 375 N.J.Super. at 543 (New Jersey provides access to public records in three distinct ways, through the citizen's common law right of access, OPRA and discovery procedures applicable to civil disputes.  Records that are not available under one approach may be available through another).

The unavailability of personnel records through OPRA does not preclude Plaintiff's access to the records through standard discovery.  If the information contained in defendant's personnel file is relevant to issues in this case the information must be produced.  There is no legal authority that bars a plaintiff from discovering relevant information in a defendant's personnel file.  See Jones v. DeRosa, 238 F.R.D. 157, 164 (D.N.J. 2006) (holding that the personnel and internal affairs records of defendant police officers were relevant to plaintiff's civil rights claims and, therefore, were discoverable); Scouler v. Craig, 116 F.R.D. 494, 496 (D.N.J.

1987) (holding that portions of a police officer's personnel file regarding investigations into incidents, complaints against the officer and performance evaluations were not protected from disclosure by governmental immunity).  In addition, any claim of governmental privilege "[m]ust be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action."  Scouler, 116 F.R.D. at 496 (quoting Wood v. Breier, 54 F.R.D. 7, 13 (E.D.Wis. 1972)).  This is not the case here.  Sergeant Marshall's right to privacy does not take precedence over Plaintiff's right to assert and protect her civil rights through this litigation.

While Defendant does not specifically challenge the overall relevance of the requested records, the Court is hesitant to provide Plaintiff with blanket access to all of Sergeant Marshall's personnel records.  The relevancy of certain documents must be "viewed in light of the allegations of the complaint."  Scouler, 116 F.R.D. at 496.  Any past complaints, performance evaluations, disciplinary proceedings or general information about Sergeant Marshall's hiring and training are highly relevant to Plaintiff's claims.  However, Sergeant Marshall's personal information, such as any benefits, salary, or medical information, is not relevant to Plaintiff's claims.  In addition, the Court is cognizant of the potential infringement upon Sergeant Marshall's right to privacy.  Therefore, Sergeant Marshall's personnel records shall be deemed confidential and may only be disclosed to attorneys, parties and experts in this litigation and may only be used for purposes of this litigation.

On the other hand, Plaintiff has not demonstrated that the personnel file of Sergeant Cobb is relevant to any claims or allegations in Plaintiff's Complaint.  Plaintiff has not alleged any individual wrongdoing on the part of Sergeant Cobb and he is not a party in the case.  Plaintiff

5

argues that Sergeant Cobb's personnel records are relevant because they "may further establish that [NJCYP] was generally negligent in its hiring process, supervision, training and retention of individuals." (See Plaintiff's Brief at 6). Sergeant Cobb's relevance to this case, if any, appears to be limited to his alleged interaction with another cadet. Plaintiff's Motion fails to provide any information on whether Sergeant Cobb was involved in the training or hiring of Sergeant Marshall or whether he was somehow involved in the incident between Sergeant Marshall and Plaintiff. Based upon the limited information provided by Plaintiff, the Court is not persuaded that the personnel records of Sergeant Cobb are relevant to the allegations in Plaintiff's Complaint. Sergeant Cobb's knowledge of the incident, any complaints against Sergeant Marshall, and facts involving the cadres' training may be inquired into during a deposition. The disclosure of Sergeant Cobb's personnel file may be addressed again in the future if Plaintiff provides a more detailed proffer of how the information is relevant to the allegations in her Complaint.

Finally, this Court will not decide NJCYP's Cross-Motion for Summary Judgment, filed in response to Plaintiff's Motion to Compel Discovery. NJCYP's Cross-Motion will be decided by the Honorable Renee M. Bumb, U.S.D.J.. However, contrary to NJCYP's assertions, Plaintiff's causes of action against the NJCYP are still part of the case and, therefore, since the requested personnel records are relevant they must be produced in accordance with the directives in this Opinion and Order. Accordingly,

IT IS on the 29th day of March 2007 hereby

ORDERED that Plaintiff's Motion to Compel the Disclosure of the Personnel Files of Sergeant Marshall and Sergeant Cobb is GRANTED in part and DENIED in part; and it is

further

ORDERED that Plaintiff's request for disclosure of the personnel file of Sergeant Marshall is granted and no later than **April 20, 2007** the NJCYP shall produce all records contained in the personnel file that relate to past complaints against Sergeant Marshall, any disciplinary proceedings, performance evaluations and information regarding Sergeant Marshall's hiring, and any training regarding appropriate conduct around and towards cadets; and it is further

ORDERED that any documents produced in response to this Order shall be deemed confidential and may only be disclosed to attorneys, parties and experts involved in this litigation and may only be used for purposes of this litigation. If any party wishes to attach or reference the information within these documents in any filing with this court, the party shall first file a Motion to Seal the documents pursuant to Local Civil Rule 5.3(c); and it is further

ORDERED that Plaintiff's request for disclosure of the personnel file of Sergeant Cobb is DENIED.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge