[Docket Item 16]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CADET V.A. BY HER GUARDIAN *AD LITEM*, M.A., <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY NATIONAL GUARD YOUTH CHALLENGE PROGRAM, et. al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action No. 06-347 (JBS) <br><br> **OPINION** |

APPEARANCES:

Richard D. Picini, Esquire
PICILLO, CARUSO & O'TOOLE, PC
371 Franklin Avenue
Nutley, NJ 07110
    Attorney for Plaintiff

Anne Milgram
Attorney General of New Jersey
    By:  Paul D. Nieves
         Deputy Attorney General
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, NJ 08625
    Attorney for Defendant

I. **INTRODUCTION**

This matter comes before the Court on the motion of Defendant New Jersey National Guard Youth Challenge Program ("NJYCP") to dismiss Plaintiff Cadet V.A.'s ("Plaintiff") Complaint [Docket Item 16] pursuant to Fed. R. Civ. P. 12(b)(6) and for summary judgment pursuant to Fed. R. Civ. P. 56.  The

Court will construe NJYCP's motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and not as a motion for summary judgment, because discovery was still pending at the time of the motion.[1]  See Miller v. Beneficial Management Corp, 977 F.2d 834, 845 (3d Cir. 1992) (holding summary judgment on the merits was precluded by the incomplete state of discovery); Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984) (holding it error for the district court to grant summary judgment without a hearing while discovery requests regarding central issues of fact were still pending); Costlow v. United States, 552 F.2d 560, 564 (3d Cir. 1977) (holding that a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course).

NJYCP argues for dismissal of Plaintiff's claims on the grounds that 1) the New Jersey Tort Claims Act ("the TCA"), codified as N.J. Stat. Ann. § 59:2-10, confers immunity on public entities for the criminal, malicious or willful acts of their employees, and 2) such immunity bars any negligence claims against public entities arising out of the same incident.[2]

---

[1] NJYCP's motion was filed on February 15, 2007 [Docket Item 16], which was before discovery disputes were resolved on March 29, 2007 [Docket Item 21] and before expert reports were exchanged in May 2007.  Given the incomplete state of discovery at the time this motion was filed, a motion for summary judgment would be premature.  The Court will only address the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

[2] NJYCP raises two further issues in its reply brief: first, NJYCP argues that another provision of the Tort Claims Act, N.J.

(Def.'s Br. in Supp. of Cross-Mot. at i, 3-9.)  The principal issue to be determined is whether a state entity that is immune from liability for the criminal act of an employee under Section 2-10 of the New Jersey Tort Claims Act may nonetheless remain liable for the negligent hiring and supervision of that employee. This Court holds that such immunity does not extend to claims for negligent hiring and supervision of the employee, and accordingly, for the reasons set forth below, the motion will be granted in part and denied in part.

**II.  BACKGROUND**

The facts set forth here are those alleged in the Complaint which the Court must accept as true for purposes of a Rule 12(b)(6) motion.  NJYCP is a residential program at Fort Dix sponsored by the New Jersey National Guard for sixteen to eighteen year-olds, with the aim of helping them to responsibly

---

Stat Ann. § 59:2-3, grants immunity for NJYCP's discretionary decisions on whether to hire and how to use personnel. Second, NJYCP argues that the discovery materials will not contain evidence to support Plaintiff's claims of negligent hiring. (Def.'s Reply Br. at 1-2, 5-15.)  The Court will not now address these issues as part of NJYCP's motion to dismiss, because they were not raised in the initial brief or opposition thereto.  See Ballas v. Tedesco, 41 F. Supp. 2d 531, 533 n.2 (D.N.J. 1999) (holding that the court could not consider an issue raised for the first time in a reply brief).  Further, as noted previously, the Court is deciding only the motion to dismiss pursuant to Rule 12(b)(6).  Any motion on the content of the discovery materials was premature.  Now that discovery has apparently concluded, however, the parties could raise these issues on proper motions for summary judgment.

prepare for their futures.  (Compl. ¶ 2.)  Plaintiff alleges that while she was a cadet at NJYCP Sergeant Marshall, a Sergeant assigned to the Program, physically and sexually assaulted her in a series of incidents.[3]

Plaintiff claims that in the first incident, Marshall told her "you look so fine, you're gonna [sic] get me in trouble." (Compl. ¶ 5.)  The following night Plaintiff confronted Marshall about his statement.  According to Plaintiff, Marshall's response was to first say "no one will believe you," and second to shove her against a wall and say "if you relax, nothing bad will happen unless you want it to – I will call for you when I need you." (Compl. ¶¶ 7-8.)  Plaintiff claims that Marshall first raped her a few nights later, after waking her and forcing her into an office.  She claims he then raped her a second time a few nights after that in a similar manner.  (Compl. ¶¶ 9, 11.)  At that time, Plaintiff was sixteen years old.  (Compl. ¶ 12.)

As noted earlier, NJYCP argues that 1) Plaintiff's claims should be dismissed because NJYCP is immune under the TCA Section 2-10 from liability for the criminal, malicious or willful acts of its employees, and 2) the immunity conferred by the TCA bars all of Plaintiff's factually-related negligence claims, including claims for negligent hiring and supervision.  (Def.'s Br. In

---

[3] No criminal charges have been filed against Sergeant Marshall to date, but he has since been dismissed from State employment. (Def.'s Br. In Supp. Of Cross-Mot. 5.)

Supp. Of Cross-Mot. at i, 3-9.)  For the following reasons, the Court grants the motion to dismiss insofar as Plaintiff alleges vicarious liability but denies the motion to dismiss Plaintiff's allegations of negligent hiring and supervision.

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts and must view all allegations in the Complaint in the light most favorable to the plaintiff.  See id. at 236; Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991); Glenside West Corp. V. Exxon Co., U.S.A., 761 F.Supp. 1110, 1117 (D.N.J. 1991); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In the Complaint, it is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim.  See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  When a motion to dismiss is before the court, the question for the court is not whether plaintiff will ultimately prevail; rather, it is whether she can prove any set of facts in support of her claims that

would entitle her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, in deciding a motion to dismiss, a court should look to the face of the Complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, plaintiff's allegations state a legal claim.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

**IV.   ANALYSIS**

    **A.   Immunity Under the TCA**

        1.   Immunity From Liability for the Criminal, Malicious or Willful Acts of Employees

The TCA Section 2-10 confers immunity on public entities for the "acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct."  N.J. Stat. Ann. § 59:2-10 (2006).  This section grants immunity to public entities from vicarious liability for the criminal or malicious conduct of employees.  See, e.g., McDonough v. Jorda, 214 N.J. Super. 338, 350 (App. Div. 1986) (interpreting 59:2-10 to say vicarious liability does not apply when a municipal employee commits an intentional tort); Pacifico v. Froggatt, 249 N.J. Super. 153, 155 (Law Div. 1991) (holding that 59:2-10 said public entity was not liable for the willful acts of its employee).

    NJYCP is thus immune from vicarious liability for Marshall's alleged criminal assault on Plaintiff.  See N.J. Stat. Ann. § 2C:14-2 (criminalizing sexual assault).  NJYCP's claim for

immunity from vicarious liability for Marshall's alleged conduct is unopposed by Plaintiff, because Plaintiff in fact does not claim NJYCP is vicariously liable for Marshall's conduct. Rather, Plaintiff has only filed negligence claims against NJYCP, for its hiring, training, supervision, and retention of Marshall. Nevertheless, insofar as the Complaint could be liberally construed to allege vicarious liability, the Court shall grant NJYCP's motion to dismiss such vicarious liability claims.

        2.    Whether TCA Section 2-10 Immunity Bars Plaintiff's Negligent Hiring and Supervision Claims

NJYCP claims that by analogy to the Third Circuit's ruling in Kowalsky v. Long Beach Twp., 72 F.3d 385 (3d Cir. 1995), the immunity conferred in N.J. Stat. Ann. § 59:2-10 bars Plaintiff's negligent hiring and supervision claims, and that those claims should also be dismissed.  The Court disagrees.  In Kowalsky the court held that the immunity conferred by N.J. Stat. Ann. § 59:4-8 on public entities from liability for injuries caused by a condition on unimproved public property barred any negligence claims against public employees arising out of the same injuries. Kowalsky, 72 F.3d at 391-92.  NJYCP argues that N.J. Stat. Ann. § 59:2-10 similarly bars negligence claims against public entities arising out of an incident involving the criminal or malicious conduct of an employee.  But NJYCP's analogy of Kowalsky to the instant case is not warranted by the subsequent case law.

7

When Kowalsky has been cited by other courts, it has been used only for its discussion of the task of federal courts in deciding state law cases, or for its discussion of unimproved property under N.J. Stat. Ann. § 59:4-8.  See, e.g., Bilyeu v. City of Ocean City New Jersey, 199 Fed. Appx. 182, 184 (3d Cir. 2006); Buczek v. Continental Cas. Ins. Co., 378 F.3d 284, 289 (3d Cir. 2004).  Kowalsky has never been cited for the proposition that because immunity conferred by N.J. Stat. Ann. § 59:4-8 bars other negligence claims arising out of the same incident, other sections of the TCA that confer immunity similarly bar all factually-related negligence claims.  Accordingly, the Court now declines to read the holding of Kowalsky as expansively as NJYCP urges.

Furthermore, courts have consistently rejected NJYCP's argument that Section 2-10 of the TCA bars liability for negligent hiring and supervision in the face of an employee's criminal or willful conduct.  See Denis v. City of Newark, 307 N.J. Super. 304, 312-13 (App. Div. 1988) (holding that the Tort Claims Act did not alter the previously established body of law that public entities could be liable for negligent training and supervision claims); Pacifico v. Frogatt, 249 N.J. Super. 153, 155 (Law. Div. 1991) (holding that the TCA did not bar negligent hiring claims).  See also Godley v. Newark Police Dept., 2007 WL 269815, at *10 (D.N.J. Jan. 26, 2007) (dismissing negligent

8

hiring claim only for lack of evidence, not for conflict with TCA); Adams v. City of Camden, 461 F. Supp. 2d 263, 269 (D.N.J. 2006) (same); Lylo v. Smith, Civ. No. 05-2670, 2006 WL 2990468, at *5 (D.N.J. Oct. 19, 2006) (permitting tort of negligent hiring to go forward, finding no conflict with TCA).

Similarly, the New Jersey Supreme Court has established that the tort of negligent hiring addresses a different wrong than that redressed by the doctrine of vicarious liability, giving additional weight to this Court's conclusion that the immunity that TCA Section 2-10 grants from vicarious liability for the criminal or willful conduct of employees does not also bar negligent hiring claims.  In DiCosala v. Kay, the New Jersey Supreme Court explained that "the tort of negligent hiring addresses the risk created by exposing members of the public to a potentially dangerous individual, while the doctrine of *respondeat superior* is based on the theory that the employee is the agent or is acting for the employer."  DiCosala v. Kay, 91 N.J. 159, 172-73 (1982).  Accordingly, negligent hiring claims cannot be analyzed under the same principles as vicarious liability claims; immunity for the former does not logically follow from immunity for the latter under New Jersey law.

The tort of negligent hiring as outlined in DiCosala v. Kay has two constituent elements.  An entity will be liable for the negligent hiring of employees when 1) "it knew or had reason to

know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons," and 2) "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury."  DiCosala, 91 N.J. at 173-74.

The Court thus predicts[4] that the New Jersey Supreme Court would reject NJYCP's argument that TCA Section 2-10 immunity bars claims for negligent hiring and supervision, and finds that NJYCP may still be liable for the negligent hiring and supervision of Marshall, even though it is immune from vicarious liability under the doctrine of *respondeat superior* for his conduct.  The Court accordingly declines to find NJYCP is immune under the TCA from all of Plaintiff's negligence claims and denies the motion to dismiss her negligent hiring and supervision claims against NJYCP.

## V. CONCLUSION

For the foregoing reasons, the Court grants NJYCP's motion to dismiss any claims holding it vicariously liable for Marshall's alleged conduct, but denies NJYCP's motion to dismiss

---

[4] As the Third Circuit held in Kowalsky, when adjudicating a case under state law, the federal court must "predict how the highest court of that state would decide the relevant legal issues." Kowalsky v. Long Beach Twp., 72 F.3d at 388.

all of Plaintiff's negligent hiring and supervision claims as barred under the TCA.  An appropriate Order shall be entered.

**July 9, 2007**                                     **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
                                                         U.S. District Judge